UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| **DAVID GORDON OPPENHEIMER,** | Case No. |
| **Plaintiff,** | |
| v | |
| **PAULA MARIE MARZELLA, and REALTY 828, INC.** | **JURY DEMANDED** |
| **Defendants.** | |

## COMPLAINT

Plaintiff, David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff"), and files this Complaint against Defendants Paula Marie Marzella ("Marzella"), and Realty 828, Inc. ("Realty 828") (hereinafter *collectively "the Defendants")* and alleges:

### JURISDICTION/VENUE

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act.).

2. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 & 1338 because it involves federal questions arising out of the Copyright Act. The Court has personal jurisdiction over the Defendants because they reside in this district. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

### THE PARTIES

3. Oppenheimer is a citizen of North Carolina engaged in the business of professional photography. He resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Marzella is an individual who resides at 39 Mountainbrook Road, Asheville, NC 28805.

5. Realty 828 is a North Carolina corporation with its principal place of business located at 778 Fairview Road, Suite 200, Asheville, NC 28803.

## INTRODUCTORY FACTS

6. Oppenheimer is a professional photographer.

7. Oppenheimer makes his photographic works available for print sales and licensing online at his website http://performanceimpressions.com.

8. Oppenheimer is the author and owner of the copyright of an original photograph entitled "*Photographs by David Oppenheimer Taken in Spring and Summer of 2014*" (the "Work"). (**Exhibit 1**)

9. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work. On August 14, 2014, Oppenheimer completed the copyright registration (which included deposit of the Work) entitled "*Photographs by David Oppenheimer Taken in Spring and Summer of 2014*" with the U.S. Copyright Office, which approved the application with registration certificate No. VAu 1-179-028. (**Exhibit 2**)

10. It is Oppenheimer's custom and business practice to display his copyright management information (hereinafter, "CMI") on his published photographs. In this case, Oppenheimer published the Work on his website and prominently displayed the CMI in a facial watermark, in an adjacent caption, and in the Work's metadata.

11. Fewer than three years before this filing, Oppenheimer discovered that one or more of the Defendants, or someone acting at their direction and on their behalf, published the Work on Defendants' website without permission (**Exhibit 3**.)

12. Upon information and belief, the Work was uploaded to Defendants' website, www.realty828.com. Upon further information and belief, one or more of the Defendants, or

someone working at their direction and on their behalf, located and accessed the Work through Oppenheimer's website, or through a Google image search. They then scraped and uploaded the Work – with Oppenheimer's CMI removed– on the following URLs:

- https://www.realty828.com-map/;
- https://www.realty828.com/wp-content/uploads/2019/03/BiltmoreForest2FINcrp-150x150.jpg; and
- https://www.realty828.com/wp-content/uploads/2019/03/BiltmoreForest2Fincrp.jpg.

13. Defendants' unauthorized copying, displaying, and publication of the Work constitutes copyright infringement.

14. Defendants' actions removing the Work's CMI, providing false CMI, and/or distribution of the Work with Oppenheimer's CMI removed and/or with false CMI are in violation of the Digital Millennium Copyright Act ("DMCA").

15. On or about December 4, 2020, Oppenheimer's attorney sent Defendants notice of their infringement of the copyrighted Work and violation of the DMCA and requested information about the nature and extent of their infringing activities. (**Exhibit 4.**)

16. Thereafter, Oppenheimer's attorney sent numerous communications attempting to negotiate a settlement. Despite such good faith efforts, Defendants refused Oppenheimer's numerous attempts at resolution. Suit has therefore become Oppenheimer's last resort to hold the Defendants accountable for their unlawful activities.

## COUNT I – NON-WILLFUL COPYRIGHT INFRINGEMENT

17. Oppenheimer re-alleges and incorporates paragraphs 1 – 16 as if fully restated herein.

18. Oppenheimer owns the valid copyright of the Work.

19. Oppenheimer timely registered the Work with the Register of Copyrights pursuant to 17 US.C. § 411(a).

20. Oppenheimer is currently and at all relevant times has been the sole owner of all rights, title, and interest in and to the copyright of the Work.

21. At no time has Oppenheimer authorized Defendants to reproduce, distribute, prepare derivative works, or publicly display the Work or any portion thereof.

22. Defendants infringed Oppenheimer's copyright in and to the Work by copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of the Work within the United States in violation of 17 USC §101 *et seq.*

23. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace. Oppenheimer therefore is entitled to injunctive relief, damages, and other relief set forth in the Act.

## COUNT II – RECKLESS OR WILLFUL COPYRIGHT INFRINGEMENT

24. Oppenheimer re-alleges and incorporates paragraphs 1 - 16 as if fully restated herein.

25. Alternatively, Defendants recklessly or willfully infringed Oppenheimer's copyright in and to the Work shown on Exhibits 1 and 2 to this Complaint by scanning, copying, reproducing, distributing, publishing and/or otherwise using, unauthorized copies of said photograph within the United States in violation of Title 17 USC §101 *et seq.*

26. Because Oppenheimer's Work at issue in this case, when published, prominently displayed his CMI on its face with a watermark, embedded in the metadata of the Work, as well as in an adjacent caption, Defendants were on notice that the Work was copyright-protected, yet they infringed it anyway.

27. Upon information and belief, Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages,

irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace; therefore, Oppenheimer is entitled to injunctive relief, damages, other relief set forth in the Act.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

28. Oppenheimer re-alleges and incorporates paragraphs 1 - 16 hereinabove as if recited *verbatim*.

29. Pleading further but without waiver of the foregoing, upon information and belief, at the time the infringing acts were performed, Marzella was the owner, manager, president, and/or other genre of principal of Realty 828.

30. Upon information and belief, Marzella controlled most decisions of Realty 828 and was the dominant influence in the company. Marzella provided hands-on decision making with respect to the activities of Realty 828, making most if not all of the decisions. Marzella therefore had the right and ability to supervise and/or control the infringing conduct of Realty 828, and/or to stop the infringements once they began.

31. Upon information and belief, Marzella had obvious and direct financial interests in the infringing activities of Realty 828.

32. Marzella is therefore vicariously liable for the infringing activities of Realty 828.

## COUNT IV – CONTRIBUTORY COPYRIGHT INFRINGEMENT

33. Oppenheimer re-alleges and incorporates paragraphs 1 – 16 as if fully restated herein.

34. Alternatively, upon information and belief, Marzella has caused, enabled, facilitated, and/or materially contributed to the infringements complained of herein by directly and/or indirectly promoting the infringements and/or refusing to exercise their right and/or ability to stop the numerous infringing uses after they began.

35. On information and belief, Marzella controlled nearly all decisions of Realty 828 and was the dominant influence in the company. Marzella provided hands-on decision making

with respect to the activities of the company, set and controlled the company's policies and protocols, and established company rules and cultures which appear to have allowed or even encouraged the infringing activities.

36. Upon information and belief, Marzella had the right and ability to supervise and/or control the infringing conduct of Realty 828, and/or to stop the infringements once they began, but either refused to exercise such rights, or chose to remain blind to the infringing activities, all while maintaining a work environment that allowed them.

37. Upon information and belief, Marzella had obvious and direct financial interests in the infringing activities of Realty 828.

38. Marzella therefore is personally liable to Oppenheimer as a contributory infringer to the infringing activities of Realty 828.

## COUNT V - DIGITAL MILLENNIUM COPYRIGHT ACT VIOLATIONS

39. Oppenheimer re-alleges and incorporates paragraphs 1 – 16 as if fully restated herein.

40. As is his pattern and practice, Oppenheimer clearly marked the Work with his CMI on the face of the Work, in legible captions adjacent to the Work, and within the Work's metadata. Oppenheimer's facial CMI includes a "©" or the word "Copyright" in the lower right corner of the Work he publishes; CMI in the metadata includes proper notices of copyright, and notices declaring "All Rights Reserved" in addition to instructions, Oppenheimer's address, phone number, email, and the Performance Impressions website URL. Oppenheimer does all this to distinguish his works from others, as well as to ensure that people who view his Work appreciate that he owns all rights and title to it.

41. Upon information and belief, one or more of the Defendants, or someone acting at their direction or on their behalf, intentionally removed, cropped-off, and/or obscured beyond

6

legibility, the facial CMI as well as the CMI in the metadata of the Work posted online, in violation of 17 U.S.C. § 1202(b).

42. Upon information and belief, one or more of the Defendants, or someone acting at their direction or on their behalf, distributed copies and/or derivatives of the Work knowing that such facial and metadata CMI had been cropped-off, or had been otherwise removed or obscured beyond legibility – and added false CMI– all without authorization in violation of both 17 U.S.C. §1202(a)(2) and (b)(3).

43. Upon information and belief, Defendants knew or had reasonable grounds to know that cropping-off or otherwise removing or obscuring beyond legibility Oppenheimer's CMI from the Work – and adding false CMI – would induce, enable, facilitate, and/or conceal infringements of Oppenheimer's copyright in violation of both 17 U.S.C. §1202(a) and (b).

44. Oppenheimer therefore is entitled to statutory damages/penalties from Defendants of not less than $2,500, and not more than $25,000 for each act committed in violation of 17 U.S.C. §1202(a)(1), 17 U.S.C. §1202(a)(2), 17 U.S.C. §1202(b)(1), and/or 17 U.S.C. §1202(b)(2).

45. Oppenheimer is also entitled to his Lodestar costs, including reasonable attorney's fees, pursuant to 17 U.S.C. §1203(b)(5).

## **RELIEF REQUESTED**

**WHEREFORE**, Oppenheimer respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. That Defendants, their agents, employees and/or servants be preliminarily and permanently enjoined from infringing Oppenheimer's copyrights in any manner whatsoever and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

B. That Defendants provide an accounting of all gains, profits and advantages derived by them because of the willful and unlawful acts of copyright infringement described above;

C. That Defendants be ordered to pay over to Plaintiff his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not considered in computing Oppenheimer's actual damages incurred as a result of Defendant's copyright infringements described herein, pursuant to 17 U.S.C. §504(b);

D. In the alternative, and at Plaintiff's election after verdict, that Defendants be ordered to pay maximum statutory damages in the amount $150,000 *for each* Work infringed pursuant to 17 U.S.C. §504(c), or such other amount as the jury may deem appropriate;

E. That in addition to the above, Defendants be ordered to pay over to Plaintiff actual damages for each DMCA violation, plus all of Defendants' profits that are attributable to each such violation – which are not considered in computing Oppenheimer's actual damages – pursuant to 17 U.S.C. §1203(c)(2);

F. That alternative to actual damages under the DMCA, and at Plaintiff's election after verdict, Defendants be: 1) ordered to pay to Oppenheimer the maximum statutory damages provided by 17 U.S.C. §1202 (a) (1) and (2), and by 17 U.S.C. §1203(c)(3)(B) for each violation; and 2) permanently enjoined and prohibited from employing, altering, cropping, obscuring, mutilating or otherwise utilizing Oppenheimer's copyrighted images or their copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)(1);

G. That Defendants be ordered to pay to Oppenheimer all his Lodestar costs including reasonable attorney's fees pursuant to 17 U.S.C. § 504(c) and §505 and 17 U.S.C. §1203(b)(5); *and*

H. For such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Date: June 20, 2022                          Respectfully submitted,

                                               By:     */s/Dana A. LeJune*

Dana A. LeJune
Texas Bar No. 12188250
Scott M. Francis
TBN 24088795
1225 North Loop W., Ste. 825
Houston, Texas 77008
Ofc. 713.942.9898
Fax 713.942.9899
dlejune@triallawyers.net
scott@trialllawyers.net
***Pro Hac Vice Pending***
COUNSEL FOR PLAINTIFF DAVID GORDON OPPENHEIMER